FORET, Judge.
This is a tort suit resulting from a vehicular accident which occurred on November 22, 1974, on Louisiana Highway 10 in Vernon Parish, Louisiana. On that day, Henry Maride was driving a pulpwood truck which was involved in a collision with a tractor being operated by Ernest Johnson.[1] Johnson sued Maride and Sam Cloud[2] alleging that Maride was an employee of Cloud, thereby rendering Cloud vicariously liable for Maricle’s alleged negligence. Plaintiff also sued his own uninsured motorist carrier, Allstate Insurance Company. Allstate, in turn, third-partied Maride and Cloud.
After trial on the merits, judgment was rendered in favor of the plaintiff against Maride and Cloud, in solido, for $20,191.81. Judgment was also rendered in favor of plaintiff against Allstate Insurance Company in the amount of $5,000.00, and in favor of Allstate against Cloud and Maride on Allstate’s third party demand. From this judgment, the defendant, Sam Cloud, perfected this appeal.
The issues on appeal are:
(1) whether or not Henry Maride was an employee of Sam Cloud, and
(2) the validity of the judgment against Henry Maride.
The facts of this case are relatively simple. On the day of the accident, plaintiff, Ernest Johnson, was traveling in a northwesterly direction on Highway 10 in Vernon Parish, headed toward Pitkin, Louisiana. While traveling down the highway, the tractor plaintiff was driving was rear-ended by a pulpwood truck being driven by the defendant, Maride. It is undisputed that Maride was negligent and his negligence caused the accident.
MARICLE’S STATUS
On the day of the accident, Maride was en route to a woodyard, owned and operated by Sam Cloud, with a load of pulpwood. Approximately six months prior to the accident complained of, Cloud had made arrangements for Maride to obtain the pulpwood truck involved in the accident. Since Maride did not have the funds to buy the truck from Cloud, Cloud escorted Maride to a local bank and co-signed a promissory note with Maride so that the latter could obtain a loan to buy the truck from Cloud. Most of the payments on the truck were made by Maride, however, Cloud did make one or two payments on the truck.
Maride testified that he had been hauling pulpwood for Sam Cloud for approximately two to three years prior to the accident. Once the wood was cut and hauled to Cloud’s woodyard, Maride was paid the proceeds which were determined directly by the number of cords of wood he had hauled, less stumpage. The record shows that Cloud would withhold amounts from the proceeds paid to Maride, which amount was used to pay the note on the truck that Cloud had arranged for Maride to purchase. Furthermore, the record shows that on one occasion, Maride delivered pulpwood to a *679 woodyard which was not owned and operated by Sam Cloud. As a result, Cloud threatened to have Maricle’s truck taken away.
The record further reveals that Maride exercised complete control and ownership of the truck and maintained it through the use of his own funds. Title to the truck was in Maricle’s name, and the truck was garaged at his residence. Cloud in no way exercised direct supervision over Maricle’s activities while he was cutting pulpwood. Maride had his own employee whose wages were paid by Maride himself. Maride was free to cut pulpwood wherever he deemed expedient. Cloud did not inform or instruct Maride where to go to find the pulpwood which he would cut and haul to Cloud’s woodyard.
Maride supplied and used his own tools, gasoline and lubricants in his wood-cutting operation. Cloud did not withhold any sums for social security or federal and state income taxes from the proceeds paid to Maride.
The principal elements to be considered in determining whether any employer-employee relationship exists are: (1) selection and engagement; (2) payment of wages; (3) power of dismissal, and (4) power of control. Franklin v. Haughton Timber Co., 377 So.2d 400 (La.App. 2 Cir. 1979), writs denied, 380 So.2d 624 (La.1980); Savoie v. Fireman’s Fund Insurance Co., 347 So.2d 188 (La.1977); Gaspard v. Travelers Ins. Co., 284 So.2d 104 (La.App. 3 Cir. 1973).
Maride was not under the continuing auspices of Cloud and was free to procure pulpwood from whomever he desired. Although Cloud apparently “required” Ma-ride to haul exclusively for him, Maride had in the past hauled pulpwood to another woodyard. Cloud did exercise a type of control over Maride; however, this control was not the type characteristic of an employer-employee relationship. The relationship between Maride and Cloud was more in the nature of a buyer-seller. This being the case, the power of dismissal which an employer ordinarily commands over an employee was not present as it is in the ordinary employer-employee relationship. The wages paid to Maride were directly related to the amount of wood which he cut and hauled to the woodyard. Cloud did not control how much wood Maride cut and sold. The fact that Cloud co-signed a note with Maride in order that Maride could purchase a truck is not a fact of such significance so as to render the existing relationship one of employer-employee. The truck could not be repossessed so long as Maride continued to make the required payments, regardless of Cloud’s posture as a co-maker or surety on the note.
The trial court rendered judgment in favor of Johnson, against Maride and Cloud and Allstate Insurance Company. However, his reasons for judgment did not mention an employer-employee relationship between Maride and Cloud. The trial court’s reasoning in granting judgment as he did, against Cloud, was that Cloud should be held liable for Maricle’s negligence because he (Cloud) made it possible “for Henry Ma-ride to get on the highways of this State with a used wood truck without any public liability insurance to protect the parties such as Ernest Johnson from being injured. . The estate of Sam Cloud is liable for Sam Cloud’s negligence in effectively placing an uninsured motorist on the highway. Sam Cloud is charged with either having known or should have known that Henry Maride was not a financially responsible person as related to the operation of motor vehicles.” If the trial judge had found an employer-employee relationship between Maride and Cloud, he would not have needed to resort to the erroneous theory of recovery on which he based his judgment. Accordingly, we feel free to speculate that the trial court did not believe that an employer-employee relationship existed; otherwise, it would have been much simpler for the trial court to permit recovery by the plaintiff based on the vicarious liability of Sam Cloud as the employer of Maride. This, the trial court did not do. Thus, we conclude that the trial court was of the opinion that no employer-employee relationship existed. The record does not show that *680 the trial court judge was clearly wrong in that regard.
For the foregoing reasons, we are of the opinion that the arrangement which existed between Maride and Cloud was more like that of a buyer-seller rather than that of an employer-employee. Therefore, Cloud is not liable to the plaintiff for the damage sustained by said plaintiff.[3]
VALIDITY OF JUDGMENT AGAINST HENRY MARICLE
No answer has ever been filed in these proceedings by Henry Maride. On the day of trial, plaintiff moved for a preliminary default against Maride; however, the trial court denied the preliminary default and proceeded to trial on November 27, 1978. A preliminary default was entered on November 30, 1978, or three days after trial. The record does not show an entry of a confirmation of default. Consequently, the judgment against Henry Mari-de is invalid.
LSA-C.C.P. Article 2002(2) in pertinent part provides:
“A final judgment shall be annulled if it is rendered:

(2) Against the defendant who has not been served with process as required by law and who has not entered a general appearance, or against whom a valid judgment of default has not been taken.”
The judgment signed by the trial court in favor of Allstate Insurance Company, on its third party demand over and against defendant, Henry Maride, is likewise invalid. Accordingly, the judgment against Maride in favor of plaintiff, and in favor of Allstate Insurance Company is hereby declared null, and therefore reversed and set aside. The matter will be remanded for further proceedings against Henry Maride in accordance with the views and findings expressed herein.
QUANTUM
After the accident, Johnson was taken to the emergency room at the Oakdale General Hospital where he was examined by Dr. James Lowry. Dr. Lowry’s clinical examination revealed that Johnson was suffering from a contusion of the lower back and long-standing hypertension. Johnson was then hospitalized for two weeks. While in the hospital, he underwent a program of physical therapy. This hospitalization was not solely the result of the injuries received by plaintiff in the accident of November 22, 1974. The record shows that Johnson had a history of heart disease and hypertension. While in Oakdale General Hospital, he was treated for (1) pneumoni-tis, (2) contusion of lumbar area, cervical spine area, and hips, and (3) hypertension. Dr. Lowry concluded that Johnson’s hypertension and cardiovascular disease were not related to the accident.
On December 11, 1974, Johnson was examined by Dr. Louis A. Gayer, an orthopedist. Dr. Gayer was of the opinion that Johnson had a fracture of an osteophyte on the inferior base of the C-5 vertebra, and a significant cervical strain. He also concluded that Johnson had an acute strain of the lumbar spine.
Johnson was seen by Dr. Lowry sporadically after his hospitalization in November of 1974. These visits were not necessitated solely by the injuries received by Johnson. He was treated for other conditions relative to his respiratory and cardiovascular ailments.
*681 Our review of the record discloses nothing inconsistent with the trial court’s award. The judgment granted Johnson $16,500.00 in general damages and $3,691.81 in medical and property damage.
Our analysis of the facts and circumstances peculiar to this case and this plaintiff leads us to conclude that the trial court did not abuse its discretion in granting the award it did. Reck v. Stevens, 373 So.2d 498 (La.1979).
For the above and foregoing reasons, the judgment of the trial court is reversed insofar as it finds Sam Cloud to be vicariously liable and/or financially responsible for the negligence of Henry Maride.
All costs of this appeal are assessed against defendant, Allstate Insurance Company.
REVERSED IN PART, AFFIRMED IN PART, AND REMANDED.
SWIFT, J., specially concurring.

. Plaintiff-appellee, Ernest Johnson, died on April 19, 1979, and his wife, Lettie L. Johnson, and children, Crockett Johnson and Peggy Johnson Williams, have been substituted as legal representatives for all purposes in these proceedings.

. Sam Cloud died after the institution of this lawsuit, and Dr. Walter Cloud has been appointed the provisional administrator of the Succession of Sam Cloud.

. In reaching our conclusion herein (a tort case) that an employer-employee relationship did not exist between Maride and Cloud, we wish to emphasize that a different result might be reached if this case involved a workmen’s compensation claim by Maride and/or one of his employees against Cloud. Other factors to be considered in a compensation case could change the result in classifying the relationship between the parties, such as where Maride may be an independent contractor who performed substantial manual labor directly related to and in furtherance of Cloud’s primary business or occupation. In other words, different statutory and jurisprudential rules in a workmen’s compensation case might call for a different result from that which we reach herein, a tort case.